IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOY HARRIS as next friend to the Estate of ELISA AKERS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, and JASON JOSEPH, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:22-cv-00581

Chief Judge Crenshaw
Magistrate Judge Holmes

## DEFENDANT THE METROPOLITAN GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

No individual should be subject to harassment or sexual assault. The Davidson County Sheriff's Office ("DCSO")[1] maintains strict policies and procedures to protect the inmates in their custody from sexual harassment or sexual assault. Regrettably, despite those policies, DCSO inmate Elisa Akers was victimized by then-Corporal Jason Joseph ("Joseph").[2] Joseph sexually harassed Ms. Akers by asking her to perform lewd acts and sexually assaulted her by digital penetration.

Prior to this, Joseph served as a corrections officer at DCSO for seven years without any allegations of sexual harassment or sexual assault. DCSO received notice of Joseph's inappropriate sexual behavior after he interacted with Ms. Akers. Before that, DCSO had no reason to suspect that Joseph would engage in these behaviors.

---

[1] DCSO is part of the Metropolitan Government. Because the allegations involve DCSO, the Metropolitan Government is referencing DCSO instead of the Metropolitan Government in its filings for summary judgment.

[2] Joseph has denied these allegations. For purposes of summary judgement only DCSO assumes that Joseph engaged in the behavior and that a constitutional violation occurred.

Ms. Akers's adult sister[3] asserts two claims under 42 U.S.C. § 1983 ("Section 1983") against both Joseph and DCSO, two state law intentional torts against Joseph, and a claim for municipal liability against DCSO under the Sheriff's Statute, Tenn. Code Ann. § 8-8-302.

The Complaint alleges that DCSO is responsible for Joseph's violations of Ms. Akers's Fourteenth and Eighth Amendment rights. (Compl. ¶¶ 32-43, Doc. No. 1.) The Complaint acknowledges the robust policies that DCSO maintained. (*Id.* ¶¶ 10, 11.) There are no facts in the Complaint establishing a prior pattern of similar constitutional violations committed by Joseph or any other corrections officer. Instead, it predicates the municipal liability claims on a failure to supervise Joseph. The Complaint theorizes that "DCSO had ample opportunities prior to Ms. Akers's victimization to catch Joseph committing inappropriate acts against female inmates and stop him. DCSO failed to do so in reckless disregard of its obligations to protect inmates from sexual abuse." (*Id.* ¶¶ 36, 42.) There are no facts in the Complaint to support this conclusion. Moreover, no facts could be developed that support this claim. The witnesses in the investigation into Joseph's conduct stated that they did not previously report his behavior. And his prior disciplinary history is completely devoid of allegations of sexual misconduct. Thus, the constitutional claims against DCSO fail because a failure to supervise cannot be established.

The state law claim against DCSO under the Sheriff's Statue does not fare any better. In contrast to the requirements of Section 1983, the Sheriff's Statute imposes vicarious liability on the County for "any wrong" committed by a Sheriff's deputy. Multiple courts of appeals, including the Sixth Circuit, have rejected a plaintiff's attempts to avoid the rigorous requirements of municipal liability by using a state law vicarious liability statute. A state

---

[3] Ms. Akers passed away on January 26, 2022, because of a sudden medical emergency. There are no claims asserted relating to her death. (Compl. ¶ 30.)

law vicarious liability claim cannot be maintained in the same action as a constitutional claim under Section 1983 when the underlying facts are the same.

Based on the above, DCSO moves for summary judgment under Fed. R. Civ. P. 56. In support of its motion, DCSO submits its contemporaneously filed memorandum of law, its statement of facts under Local Rule 56.01(b), and the following exhibits:

1. Declaration of Evin Baylis
    a. Corporal Jason Joseph Investigation Memorandum
    b. Jason Joseph's Personnel File
2. Declaration of Keli Oliver
    a. DCSO Policy 1.1-359 *Preventing Sexual Abuse and Harassment*
    b. DCSO Policy 1.1-360 *Staff and Inmate Relations*
    c. DCSO Policy 1-1.361 *Investigations*
3. Declaration of Linda Griffin.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
MELISSA ROBERGE (#26230)
MICHAEL R. DOHN (#37535)
ASSISTANT METROPOLITAN ATTORNEYS
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
Melissa.Roberge@nashville.gov
Michael.Dohn@nashville.gov
*Counsel for Metro*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing has been served via CM/ECF to:

| | |
|---|---|
| Kyle F. Mothershead<br>2901 Dobbs Avenue<br>Nashville, Tennessee 37211 | James B. Johnson<br>1300 Division Street, Suite 300<br>Nashville, Tennessee 37203 |

on this 5th day of October 2022.

                                                  */s/Melissa Roberge*
                                                  Melissa Roberge