UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOY HARRIS, as next friend to the estate of ELISA AKERS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:22-cv-00581<br>) |
| METROPOLITAN GOVERNMENT OF NASHVILLE DAVID COUNTY, TENNESSEE, and JASON JOSEPH | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

On October 10, 2022, well before the initial case management conference, Defendants filed a Motion for Summary Judgment (Doc. No. 16). At the time, all parties knew that no discovery had taken place. Indeed, the parties' initial disclosures would not be due for nearly five months. (See Doc. No. 34 at 4 (setting a deadline for Rule 26(a)(1) disclosures of March 7, 2023)). Still, based only on a batch of hand-selected documents, Defendants argue that their motion is merited. (See generally Doc. No. 16). In her opposition brief, Plaintiff argues that the motion is premature pursuant to Federal Rule of Civil Procedure 56(d). (Doc. No. 23 at 2).

Rule 56(d) governs summary judgment disputes in which the nonmoving party, for valid reasons, cannot present facts essential to its opposition. The rule reads as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>     (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). When ruling on a Rule 56(d) motion, the Court must consider the following factors: (1) when the plaintiff learned of the issue on which it seeks discovery; (2) whether the

discovery sought would change the ruling; (3) the length of the discovery period; (4) whether the plaintiff has properly pursued any prior discovery; and (5) the responsiveness of the defendant to prior discovery requests. See Kohus v. Ohio State Highway Patrol, 310 F.R.D. 549, 550 (S.D. Ohio 2015) (citing (Plott v. Gen. Motors Corp., Packard Elec. Div., 71 F.3d 1190, 1196–97 (6th Cir. 1995)).

To satisfy her burden under Rule 56(d), Plaintiff offers the Declaration of Kyle Mothershead, which states that "no discovery of any kind has been conducted in this case[.]" (Doc. No. 23-2 at 1). Although Defendants provided Mr. Mothershead with "some recorded interviews and other documents prior to the filing of this lawsuit", (id.), in instances such as this, where there has been no opportunity for discovery, the factors plainly weigh heavily in Plaintiff's favor.

Accordingly, Defendants filed a Motion for Summary Judgment (Doc. No. 16) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE