IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| JOY HARRIS as next friend to the Estate of ELISA AKERS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, and JASON JOSEPH, | ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 3:22-cv-00581

Chief Judge Crenshaw
Magistrate Judge Holmes

## AGREED PROTECTIVE ORDER[1]

The Court finds that the parties desire that an Agreed Protective Order be entered in this action allowing the parties to view video footage that depicts the interior of a Davidson County Sheriff's Office facility. The Parties hereby agree that if there is a dispute as to the subject matter of this Order, this Court has jurisdiction to resolve the dispute.

This Agreed Protective Order is intended to protect the video footage, as it is required to and/or may be maintained by the Metropolitan Government in a confidential manner, pursuant to Tenn. Code Ann. § 10-7-504(m)(1)(E), which states:

> (m) (1) Information and records that are directly related to the security of any government building shall be maintained as confidential and shall not be open to public inspection. For purposes of this subsection (m), "government building" means any building that is owned, leased or controlled, in whole or in part, by the state of Tennessee or any county, municipality, city or other political subdivision of the state of Tennessee. Such information and records include, but are not limited to:

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language (if any) and underlining added language.

> (E) Surveillance recordings, whether recorded to audio or visual format, or both, except segments of the recordings may be made public when they include an act or incident involving public safety or security or possible criminal activity. In addition, if the recordings are relevant to a civil action or criminal prosecution, then the recordings may be released in compliance with a subpoena or an order of a court of record in accordance with the Tennessee rules of civil or criminal procedure. The court or administrative judge having
>
> jurisdiction over the proceedings shall issue appropriate protective orders, when necessary, to ensure that the information is disclosed only to appropriate persons. Release of any segment or segments of the recordings shall not be construed as waiving the confidentiality of the remaining segments of the audio or visual tape.

Based on the foregoing, it appears to the Court that this Agreed Protective Order is warranted and acceptable <u>for discovery purposes, subject to the qualifications provided for below</u>. Therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The video footage produced shall be deemed confidential and be subject to the requirements of this Agreed Protective Order. The video footage shall not be disclosed, except as otherwise permitted by this Order. <u>However, nothing in this Order, including this provisions deeming the video footage as confidential for discovery purposes, shall be construed as a determination by or binding on the Court for any other purposes, including whether to restrict public access to such footage if used for any purpose in this case.</u>

2. The parties and their counsel are prohibited from using or disclosing the video footage for any purpose other than in the present action.

3. The video footage shall not be disclosed, divulged, revealed, described, transmitted, or otherwise communicated to any other person without the prior written consent of the Metropolitan Government except to:

a) the parties in this cause who have agreed to be bound by this Agreed Protective Order;

b) counsel of record of the parties in this cause who have agreed to be bound by this Agreed Protective Order;

(c) a member or employee of the law firm of record for any of the parties in this cause who have agreed to be bound by this Agreed Protective Order, and only to the extent such person is performing work in connection with this case and only to the extent necessary to perform such work;

(d) expert witnesses and non-testifying consulting experts retained by counsel of record for parties in this cause who have agreed to be bound by this Agreed Protective Order and only to the extent necessary to prosecute or defend this case;

(e) a witness but only during depositions, hearings, or at trial;

(f) the Court or court personnel;

(g) the jury empaneled to hear this cause; and

(h) court reporters transcribing proceedings in this action.

4. Upon final disposition of this cause, whether by trial, appeal, settlement, or other final conclusion, the video footage produced pursuant to this Agreed Protective Order, including copies, shall be returned to the attorneys of record for the Defendants within thirty (30) days after notice is received of such final disposition of this cause, and until such time, all provisions of this Agreed Protective Order will remain in full force and effect.

5. This Agreed Protective Order shall remain in full force and effect until the final disposition of this cause, whether by trial, appeal, settlement, or other final

conclusion, until modified, superseded, or terminated by order of this Court, and it does not prejudice the right of any party to seek such modification by Court order.

      6.    It is understood and agreed that this Agreed Protective Order shall in no way constitute a waiver of the right of any party to this action to raise or assert any objections to, including but not limited to, defenses or objections as to any privilege or as to the relevancy, admissibility, or authenticity of the video footage.

      It is so **ORDERED**:

_____
BARBARA D. HOLMES
United States Magistrate Judge

APPROVED FOR ENTRY:

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Michael R. Dohn*
MELISSA ROBERGE (#26230)
  SENIOR COUNSEL
MICHAEL R. DOHN (#37535)
  ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
Melissa.Roberge@nashville.gov
Michael.Dohn@nashville.gov
*Counsel for Metro*


*/s/Kyle Mothershead (with permission MRD)*
Kyle Mothershead (#22953)
Relentless Advocacy
2901 Dobbs Avenue
Nashville, TN 37211
kyle@relentlessadvocacy.com
*Counsel for Plaintiff*


*/s/James. B. Johnson (with permission MRD)*
James B. Johnson (#15509)
1300 Division Street, Suite 300
Nashville, TN 37203
attorneyjamesbjohnson@gmail.com
*Counsel for Jason Joseph*